IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CV-306-BO

| | | |
|---|---|---|
| MADELINE L. MOSES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| AMERICAN RED CROSS, CAROLINAS | ) | |
| BLOOD SERVICES REGION, PEGGY | ) | |
| HUFFMAN. LASHION DARDEN, ERIC | ) | |
| HINSON, DELORES SMALLS, and | ) | |
| JOYCE BRENDEL, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motions to dismiss [DE 20, 13, & 7] and the plaintiff's motions to appoint counsel [DE 29 & 4]. In their most recent motion, the defendants seek to dismiss the amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below the defendants' motion is GRANTED. The plaintiff's motion to appoint counsel is DENIED AS MOOT. This matter is DISMISSED and the clerk is directed to close the file.

## BACKGROUND

Plaintiff Madeline L. Moses is employed by defendant American Red Cross. On October 18, 2012, she filed a complaint alleging that she was a victim of workplace harassment. In her complaint, Ms. Moses stated that defendants had discriminated against her "by failing to follow the policy on harassment and discrimination, and retaliation against Plaintiff for previous complaint of discrimination and harassment." [DE 1]. Ms. Moses explained that on October 26, 2011 she had been working at a blood drive operated by defendant American Red Cross. Plaintiff

1

allegedly fell while walking into the blood drive site breaking her right hand. Plaintiff alleges that she received substandard medical attention that day, she was not allowed to leave work at the time of her injury, and that she was not given suitable time to recover after having the surgery that was required to treat the injuries she sustained in the fall. According to the complaint, Ms. Moses's workplace experience throughout her injury and recovery was in contrast to the experience of white employees who were afforded immediate medical care and lengthy periods of medical leave.

Ms. Moses suggested that her employer's actions were, at least in part, retaliatory. The plaintiff went on to explain that she believed the retaliatory actions of her employer stemmed from a charge of discrimination she had filed on October 5, 2008 alleging "mistreatment of blacks" by defendant American Red Cross.

Ms. Moses alleged the instant alleged discrimination in an intake questionnaire received by the Equal Employment Opportunity Commission (EEOC) on April 16, 2012. On July 30, 2012, the EEOC notified Ms. Moses of her right to sue. This lawsuit was filed on October 18, 2012 and the amended complaint was filed on November 30, 2012.

## DISCUSSION

A court's ruling on a motion to dismiss addresses whether a claim for relief has been stated. A complaint will survive a motion to dismiss only if it "states a plausible claim for relief" supported by well-pleaded facts that permit the court "to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Such facts must "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In order to state a facially plausible claim, a plaintiff must do more than simply plead facts that are consistent with defendant's liability or merely restate the elements of a cause of action. *Iqbal*, 556 U.S., at

678. The facts pleaded by the plaintiff must allow the court to draw a reasonable inference that the defendant is actually liable for the misconduct alleged. *Id.* In drawing such inferences, the court should view the complaint in the light most favorable to the plaintiff and should accept well-pleaded allegations as true. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the Court will not consider "bare assertions" that are not supported by well-pleaded facts. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Viewing this complaint in the light most favorable to the plaintiff, and accepting the well-pleaded facts as true, the Court finds that the plaintiff has failed to state a claim upon which relief might be granted. As such, it is proper to dismiss this matter pursuant to Rule 12(b)(6).

I. TITLE VII DOES NOT APPLY TO INDIVIDUALS, THEREFORE THE TITLE VII CLAIMS AGAINST INDIVIDUAL DEFENDANTS MUST BE DISMISSED PURSUANT TO RULE 12(b)(6).

As this Court has previously noted, parties joined in their individual capacities cannot, as a matter of law, violate the provisions of Title VII. *See Sutphin v. Kierney*, 2000 WL 33682674 at *7 (E.D.N.C. 2000)(citing *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998)). For this reason, the Title VII claims asserted against defendants Peggy Huffman, Lashion Darden, Eric Hinson, Delores Small, and Joyce Brendel in their individual capacities must be dismissed.

II. PLAINTIFF'S PLEADINGS DO NOT SUPPORT A FACIALLY PLAUSIBLE CLAIM AGAINST DEFENDANT AMERICAN RED CROSS FOR VIOLATIONS OF TITLE VII.

The plaintiff is proceeding pro se in this matter and, as such, the Court must consider the claims presented to it in a different light than it might consider the filings of professional attorneys. Although the Court must liberally construe pleadings submitted by a pro se claimant, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(per curiam), "a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). After reviewing the plaintiff's

EEOC charge of discrimination and her complaint, the Court finds that the plaintiff has only attempted to allege a claim for retaliation under Title VII.[1] The narrative included with her EEOC charge of discrimination details her allegations of retaliation stemming from her filing of a complaint in 2008.

The plaintiff's attempt to state a claim for retaliation falls woefully short. It is undisputed that the plaintiff engaged in a protected activity by filing a complaint in 2008. The plaintiff alleges that she suffered adverse employment action in 2011 when she received unfavorable treatment after suffering an injury in the workplace. Plaintiff fails, however, to plead any connection between these two events. In addition to the lack of factual link between these two events, the remoteness in time does not support an inference that the plaintiff's complaint was connected to the treatment she received in 2011. *See Causey v. Balog*, 162 F.3d 795, 803 (4th Cir. 1998) (finding that thirteen months between the protected activity and adverse treatment was too remote to establish causation without other evidence); *Dowe v. Total Action Against Poverty*, 145 F.3d 653, 657 (4th Cir. 1998)(holding that a time period of three years between the protected activity and adverse action defeated any connection between the two). Because the plaintiff has failed to establish a connection between the adverse employment action she alleges and the protected activity in which she engaged, she failed to state a claim that is plausible on its face and defendant is entitled to a dismissal of her claims pursuant to Rule 12(b)(6).

---

[1] A plaintiff's failure to exhaust her administrative remedies by presenting her claims to the EEOC before filing a federal lawsuit deprives the federal district court of subject matter jurisdiction over the claims not presented to the agency. *See Davis v. North Carolina Dep't of Corr.*, 48 F.3d 134, 138-40 (4th Cir. 1995).

### III. PLAINTIFF HAS FAILED TO PLEAD A CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

To state a claim for negligent infliction of emotional distress under North Carolina law, a plaintiff must allege that (1) the defendant was negligent; (2) it was foreseeable to the defendant that his negligence would cause the plaintiff severe emotional distress; and (3) the conduct, in fact, caused severe emotional distress. *Guthrie v. Conroy*, 567 S.E.2d 403, 410(N.C. Ct. App. 2002). In this context, "severe emotional distress" "means any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." *Johnson v. Ruark Obstetrics and Gynecology Associates, P.A.*, 327 N.C. 283, 304 (1990). It is not sufficient for the plaintiff to merely state that they have suffered severe emotional distress generally. *See May v. Durham*, 136 N.C. App. 578 (2000). Here, the plaintiff has failed entirely to establish that she has suffered from severe emotional distress. The plaintiff's statement that "ARC's negligence did cause severe emotional distress for Plaintiff" is the type of bald conclusion disallowed by the *May* court. Plaintiffs failure to plead any facts that might establish she has suffered from actual, severe emotional distress defeats her claim for negligent infliction of emotional distress. As such, this claim must also be dismissed pursuant to Rule 12(b)(6).

### IV. PLAINTIFF'S MOTIONS TO APPOINT COUNSEL ARE MOOT.

By this Order, the Court has dismissed this matter in its entirety. Therefore, the plaintiff's motions to appoint counsel are rendered moot and the Court denies them as such.

## CONCLUSION

Accordingly, the defendants' motions to dismiss are GRANTED, and the plaintiff's motions to appoint counsel are DENIED AS MOOT. This matter is DISMISSED and the clerk is directed to close the file.

SO ORDERED, this __13__ day of June, 2013.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE